**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lupe Gracia, | No. CV-20-01132-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Lupe Gracia's appeal from the denial of Social Security disability benefits under 42 U.S.C. § 405(g). The appeal is fully briefed (Docs. 16, 17, 18), and the Court now rules.

**I.     BACKGROUND**

   **A.     Factual Overview**

Plaintiff filed an Application for Disability Insurance Benefits and Supplemental Security Income on March 14, 2014, alleging disability beginning on August 12, 2013. (AR 204). Plaintiff's claim was denied initially on April 17, 2015, and upon reconsideration on July 16, 2015. (AR 204). Plaintiff appealed to an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on June 7, 2017. (AR 220). On May 2, 2018, after review, the Appeals Council ("AC") remanded Plaintiff's case to the ALJ for further development of the record. (AR 235). Following remand, a second ALJ again found Plaintiff not disabled for the purposes of social security benefits on May 14, 2019. (AR 30).

## B.     The SSA's Five-Step Evaluation Process

A person is considered "disabled" for the purpose of receiving social security benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id*. Substantial gainful activity is work activity that involves "significant physical or mental activities," and done "for pay or profit." *Id*. § 404.1572(a)–(b). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have "a severe medically determinable physical or mental impairment," then the claimant is not disabled. *Id*. A "severe impairment" is one which "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. § 404.1520(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs." *Id*. § 404.1522(b).

At step three, the ALJ considers whether the claimant's impairment, or combination of impairments, meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the ALJ will find the claimant disabled. *Id.* If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 404.1520(a)(4). The RFC represents the most a claimant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). In assessing the claimant's RFC, the ALJ will consider the "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what

[the claimant] can do in a work setting." *Id.*

At step four, the ALJ uses the claimant's RFC to determine whether she is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ compares the claimant's RFC with the physical and mental demands of her past relevant work. *Id.* § 404.1520(f). If the claimant can still perform her past relevant work, the ALJ will find that she is not disabled. *Id.* § 404.1520(a)(4)(iv).

If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If the ALJ finds that the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### C. The ALJ's Findings

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability on August 12, 2013. (AR 19).

At step two, the ALJ determined that Plaintiff had the following severe impairments: migraine headaches, lumbar region radiculopathy, degenerative disc disease, cervical spondylosis, and chronic pain syndrome. (AR 19).

At step three, the ALJ determined that Plaintiff's combination of impairments did not meet or medically equal the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. (AR 23). The ALJ also determined that some of Plaintiff's impairments were non-severe. (AR 20). These impairments included obesity, reflux esophagitis, gastroesophageal reflux disease, a right shoulder impairment, asthma, hypertension, fibromyalgia, a wrist impairment, a depressive disorder, and post-traumatic stress disorder ("PTSD"). (AR 20). In ruling Plaintiff's mental impairments non-severe, the ALJ considered the four areas of mental functioning set out in the Listing of Impairments from 20 C.F.R., Part 404 known as "paragraph B" criteria. (AR 22). The ALJ used the paragraph B criteria to determine that the alleged mental impairments imposed no more than a "mild" limitation on Plaintiff, and thus were not severe. (AR 22).

As a result, the ALJ did not include discussion of Plaintiff's mental impairments in her calculation of the RFC which stated:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant should avoid climbing. The claimant can occasionally kneel, crouch, crawl and stoop. The claimant can frequently engage in handling, fingering and feeling with the right hand. The claimant should avoid exposure to dangerous machinery and unprotected heights.

(AR 24). The ALJ did note, however, that the "residual functional capacity assessment reflects the degree of limitation the [ALJ] has found in the 'paragraph B' mental function analysis." (AR 22).

At step four, the ALJ determined that Plaintiff could perform past relevant work as a Customer Service Representative and a Loan Officer following testimony from a vocational expert. (AR 30).

Accordingly, the ALJ ruled that Plaintiff was not disabled from the alleged onset date to March 31, 2019. (AR 30).

## II.     LEGAL STANDARD

The Social Security Administration's ("SSA") decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (defining substantial evidence as something that a reasonable mind might accept as adequate to support a conclusion). The Court must review the record as a whole and consider both the evidence that supports and detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will not reverse for an error is that is "inconsequential to the ultimate nondisability determination" or where the ALJ's "path

may reasonably be discerned, even if the [ALJ] explains [her] decision with less than ideal clarity." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014). If the evidence supports more than one rational interpretation, the Court must uphold the Commissioner's decision. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

## III. DISCUSSION

Plaintiff argues that the ALJ erred by failing to comply with the AC's remand order, misapplying the *de minimis* standard to Plaintiff's impairments, and failing to include certain limitations in the RFC finding. (Doc. 16 at 23). Plaintiff seeks a remand for benefits, or in the alternative, a remand for further proceedings. (Doc. 18 at 15).

### A. The ALJ's Compliance with the AC's Remand Order

#### 1. Legal Standard

Under 20 C.F.R. § 404.977(b), the ALJ must take every action ordered by the AC upon remand. An ALJ who takes action that is inconsistent with the AC's remand order commits legal error. *Pavlich v. Colvin*, No. CV 13-01829-MAN, 2014 WL 4449897 at *5 (C.D. Cal. 2014). The ALJ must also discuss the evidence that supports her conclusion that the alleged impairments do not meet or equal a listed impairment. *Lewis*, 236 F.3d at 512. This discussion is not required to be in the listed impairments analysis and may take place in other portions of the decision. *See Lewis*, 236 F.3d at 513 (holding that the ALJ did not err by discussing relevant evidence in the "Statement of the Case" section, rather than in the "Findings" section of the opinion); *Connors v. Colvin*, 656 F. App'x 808, 810 (9th Cir. 2016). A plaintiff is not considered to have a listed impairment solely because she possess a diagnosis of the impairment; she must also demonstrate all the characteristics of that listing. *See Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990) (holding that a plaintiff's diagnosis of liver disease did not possess the required findings associated with the listing because the medical record did not demonstrate the required symptoms). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). The ALJ may find a plaintiff's

impairments to equal a listed impairment based on a comparison of the medical evidence with the criteria of a listed impairment. *Marcia*, 900 F.2d at 175–76. To equal a listed impairment, a plaintiff's symptoms must be "at least equal in severity and duration" to the listing. *Tackett*, 180 F.3d at 1099. A plaintiff cannot base a claim of an equivalent listing on symptoms alone, she must provide objective medical evidence. *Ford*, 950 F.3d at 1148–49.

### 2.  Analysis

Plaintiff argues that the ALJ erred by not following the AC's remand order. (Doc. 14 at 4). Plaintiff claims that the ALJ did not evaluate whether any impairments met or equaled the severity of a listed impairment from Appendix 1 to Subpart P of 20 C.F.R. Part 404 as directed to by the AC. (Doc. 14 at 4). Specifically, Plaintiff claims that the ALJ did not evaluate whether her ability to ambulate met or equaled a listed impairment. (Doc. 14 at 4). Defendant argues that the ALJ complied with the AC's remand order by evaluating whether Plaintiff's symptoms met or equaled the severity of a listed impairment. (Doc. 17 at 4).

Upon remand from the AC, the ALJ evaluated whether Plaintiff's severe impairments met the listing of § 1.04 Disorders of the spine resulting in compromise of a nerve root or the spinal cord.[1] (AR 23–24). This listing requires either evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The ALJ specifically stated that the record did not indicate that Plaintiff exhibited any of the symptoms required under § 1.04, and thus Plaintiff did not demonstrate that listing. (AR 24). Later in the decision, the ALJ justified this conclusion by discussing the portions of the medical record which addressed Plaintiff's spinal impairments. (AR 25). Discussing this later in the decision was procedurally proper. *Connors*, 656 F. App'x at 810 ("The ALJ did not include a discussion of the relevant rheumatoid arthritis evidence in the section of his opinion dedicated to the listing

---

[1] Although the Listing of Impairments was updated on April 2, 2021 which included changes to this specific impairment, the Court cites the regulations applicable at the time of Plaintiff's claim and the ALJ's decision. This update does not alter this Court's analysis of the issue.

- 6 -

analysis, but he did include a discussion of the relevant evidence later in his opinion. Therefore, his analysis was procedurally proper."). The ALJ found that the evidence discredited the possibility of symptoms listed in § 1.04. and noted "full strength in the bilateral lower extremities, a normal gait and no neurological deficits." (AR 25). Plaintiff argues that by doing so, the ALJ improperly omitted an analysis on Plaintiff's inability to ambulate. (Doc. 16 at 5). However, inability to ambulate is not a sufficient condition for § 1.04(c) to apply; it is merely one of several necessary conditions. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Section 1.04(c) also requires lumbar spinal stenosis resulting in "pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness." 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The ALJ specifically noted that the medical record did demonstrate such an impairment, and as a result, § 1.04(c) was not met. In doing so, the ALJ met her burden to follow the AC's remand order. *See Lewis*, 236 F.3d at 512.

The ALJ also considered whether Plaintiff's impairments equaled in severity to those listed in § 1.04. (AR 24). Again, the ALJ found that Plaintiff's symptoms did not rise to an equivalent severity from the Listing of Impairments. (AR 24). The ALJ cited one hundred and two examples from the medical record discussing Plaintiff's spinal impairments to support this conclusion. (AR 25). This included the observations from treating physicians which did not indicate severe symptoms equivalent to those resulting from nerve root compression of § 1.04(a), spinal arachnoiditis of § 1.04(b), or lumbar spinal stenosis of § 1.04(c). (AR 1959) ("Mild cervical spondylosis as detailed above without lateralizing disc protrusion or cord compression at any level.); (AR 1013) ("Gait: heel walking is normal, toe walking is normal, Romberg sign is not present and tandem gait is normal."); (AR 12) ("There is no lumbar central canal stenosis or foraminal stenosis at any level."). The ALJ found that this evidence largely indicated that Plaintiff's spinal impairments were mild and did not support the severity of the alleged symptoms. (AR 25). Thus, substantial evidence supports the ALJ's conclusion that Plaintiff did not demonstrate an equivalent finding to those listed under § 1.04. While the AC did note

previous inconsistencies regarding Plaintiff's ability to ambulate, the current ALJ properly responded to the remand order by justifying why Plaintiff's alleged symptoms did not rise to the level of a listed impairment. *See Lewis*, 236 F.3d at 512. Additionally, substantial evidence existed which indicated that Plaintiff could ambulate effectively. (AR 25) ("The claimant also noted she walked regularly"). Thus, the ALJ did not err by choosing not to discuss these inconsistencies in the previous ALJ's findings regarding Plaintiff's ability to ambulate.

Moreover, despite Plaintiff's contentions, the failure of the ALJ to follow the AC's remand order is also not a proper basis for this Court to remand the ALJ's final decision. *See Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1136–38 (9th Cir. 2011) (reversing a district court's remand for an award of benefits based on the ALJ's failure to follow the AC's remand order because "[t]he ALJ's errors are relevant only as they affect that analysis on the merits. A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") (internal citations omitted).

### B.  The ALJ's Severity Determination

#### 1.  Legal Standard

At step two, the ALJ conducts a *de minimis* screening of a plaintiff's alleged impairments to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments is not severe if it does not significantly limit [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). If a plaintiff meets the evidentiary burden under the step two *de minimis* standard, the ALJ must find the impairment to be severe and move to the next step. *Tudor v. Saul*, 484 F. Supp. 3d 717, 726 (N.D. Cal. 2020). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting Social Security Ruling 85-28).

When determining the severity of a mental impairment at step two, the ALJ rates

"the degree of functional limitation resulting from the impairment" in four broad functional areas: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation. 20 C.F.R. § 404.1520a(b)(1), (b)(2), (c)(3). The degree of functional limitation is based on the extent to which the plaintiff's impairment interferes with his ability "to function independently, appropriately, effectively, and on a sustained basis." *Id*. § 404.1520a(c)(2). Finally, after the degree of functional limitation is rated, the ALJ determines the severity of the plaintiff's mental impairment. *Id*. § 404.1520a(d). The ALJ's decision "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id*. § 404.1520a(e)(4). If the degree of limitation in the first three functional areas is "none," or "mild" and "none" in the fourth area, the ALJ generally concludes that the impairment is not severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [the plaintiff's] ability to do basic work activities." *Id*. § 404.1520a(d)(1).

A treating physician's opinion that is contradicted by other medical opinions may be rejected for specific reasons that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (applying substantial evidence review to an ALJ's step-two determination). An ALJ can demonstrate this by setting out a detailed and thorough summary of the facts and conflicting medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (holding that medical opinions based on objective findings which conflicted with a treating physician's opinion constituted substantial evidence). The ALJ is responsible for determining the credibility of medical opinions and resolving conflicts in medical testimony. *Id*. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Inconsistencies with the medical record or with a treating physician's own

treatment notes provides a valid reason for an ALJ to discount an opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

### 2. Analysis

Plaintiff argues that the ALJ misapplied the *de minimis* standard in finding her mental impairments non-severe. (Doc. 16 at 7). Defendant argues that substantial evidence supported the ALJ's determination that Plaintiff did not have a severe mental impairment. (AR 17 at 7).

In this case, the ALJ ruled that Plaintiff's mental impairments, a depressive disorder and PTSD, were non-severe. (AR 20). The ALJ first justified this by referencing the results from several mental evaluations which failed to reveal the severity alleged by Plaintiff from these claimed impairments. (AR 21) ("The claimant's mental status examinations were largely normal . . . .") ("She scored 27 out of 30 on the Mini-Mental Status Exam . . . her global assessment of functioning score was assessed at 65. . . ."); (AR 1785) (There is no evidence of any perceptual disturbances. Her memory of recent and remote events is intact. Her insight and judgment are appropriate."); (AR 1828) ("Oriented to time, place, person and situation, gives a coherent history, intact fluency, naming, repetition, comprehension. Performs three-step command without difficulty."). These various test results serve as substantial evidence to support the ALJ's conclusion that Plaintiff's mental impairments did not impact her ability to work. *See Benear v. Saul*, 838 F. App'x 305, 306 (9th Cir. 2021) (holding that a function report and psychological examination constituted substantial evidence in ruling a mental impairment non-severe); *Goodman v. Colvin*, No. CV-15-00807-PHX-JAT, 2016 WL 4190738, at *9 (D. Ariz. Aug. 9, 2016) (finding that substantial evidence supported the ALJ's finding of non-severity despite the presence of conflicting medical records). The ALJ next considered the four broad areas of mental functioning set out in the Listing of Impairments from Appendix 1 to Subpart P of 20 C.F.R. Part 404. (AR 22). The ALJ found no limitation in the first, second, and fourth areas of functioning and no more than a mild limitation in the third area. (AR 22). As a result, the ALJ's finding was correctly established by medical

evidence and supported by the record. 20 C.F.R. § 404.1520a(d)(1); *see Webb*, 433 F.3d at 687 (holding that finding an impairment to be non-severe must be clearly established by medical evidence).

Plaintiff argues that by presenting evidence of possible mental impairment, including the opinions of treating physicians, she met the "low-threshold presented by the *de minimis* severity standard." (Doc. 16 at 8). However, the ALJ examined the medical opinions Plaintiff presented and assigned them little or partial weight. (AR 28–30). In each case the ALJ did so properly by pointing to evidence in the record which contradicted the opinions of these physicians. (*See* AR 28–30) ("However, they were not privy to all of the medical records that are now on file and their opinion appears to be an overestimation . . . ."). This serves as substantial evidence to discount these opinions. *See Magallanes*, 881 F.2d at 751. The ALJ relied on the findings from the four broad functional areas, and the evidence which supported these, in ruling that Plaintiff's mental impairments were non-severe. (AR 22). By considering the medical record as a whole, the ALJ did not err by ruling that Plaintiff failed to make a *de minimis* showing of a mental impairment impacting her ability to work. The ALJ is responsible for determining the credibility of medical opinions and resolving conflicts in medical testimony and did so in this case. *See Magallanes*, 881 F.2d at 751.

Even if the ALJ's determination that Plaintiff's mental impairments were non-severe would constitute error, it would be harmless. The ALJ found other impairments to be severe and continued to step three while considering the allegations of functional limitations imposed by non-severe impairments. (AR 24–25). Thus, finding the mental impairments to be non-severe was "inconsequential to the ultimate nondisability determination." *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *see also Feild v. Colvin*, No. CV-12-00330-TUC-BPV, 2013 WL 4525198, at *8 (D. Ariz. 2013). Accordingly, the ALJ's determination that Plaintiff's mental impairments were non-severe at step two is not cause for remand.

///

**C.     The ALJ's RFC Determination**

   **1.     Legal Standard**

Under 20 C.F.R. § 404.1545(a)(2), the ALJ is required to consider all the "medically determinable impairments of which [the ALJ is] aware, including [the plaintiff's] medically determinable impairments that are not-severe . . . ." when assessing the RFC. 20 C.F.R. § 404.1545(a)(2). The court "will affirm the ALJ's determination of [the plaintiff's] RFC if the ALJ applied the proper legal standard and [her] decision is supported by substantial evidence." *Bayliss*, 427 F.3d at 1217. If the ALJ considers a plaintiff's mental impairments but does not believe that they impact her ability to work, then the ALJ is not required to include them in the RFC. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009) (holding that the ALJ did not fail to account for a plaintiff's mental disorder in the RFC because the impairment did not correspond to limitations on the plaintiff's ability to perform basic work activities). Similarly, the ALJ is not required to include unsubstantiated impairments in the questions posed to a vocational expert. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("The ALJ must only include limitations supported by substantial evidence in hypotheticals posed to a vocational expert.").

   **2.     Analysis**

Plaintiff argues that because the ALJ failed to include any mental functional limitations in the RFC, it was error. (Doc. 16 at 14). Plaintiff further contends that this failure to account for limitations tainted the questions asked of the vocational expert. (Doc. 16 at 18). Defendant argues that the ALJ is not required to include non-severe impairments within the RFC. (Doc. 17 at 14).

As stated earlier, the ALJ properly found Plaintiff's mental impairments to be non-severe. (AR 22). The ALJ provided substantial evidence to support these findings as guided by the statutory analysis from 20 C.F.R. § 404.1520a. *See Benear*, 838 F. App'x at 306. The ALJ's finding of no more than a mild limitation on Plaintiff's abilities of concentration, persistence, or pace reasonably did not impact her decision at step four in

calculation of the RFC. *Schalik v. Berryhill*, No. 16-CV-2059 W (KSC), 2017 WL 4272325 at *6 (S.D. Cal. 2017) (holding that the ALJ was free to consider the evidence and conclude that mild to moderate limitations did not affect the plaintiff's RFC, and thus did not need to include it). Thus, the ALJ did not err by excluding discussion of Plaintiff's mental impairments in the RFC. *See Bray*, 554 F.3d 1228–29. The ALJ was only required to include the proven restrictions available to her from the available evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that the ALJ did not err by only including the restrictions based only on the medical opinions to which he afforded weight).

While Plaintiff does cite cases holding that a failure to include certain non-severe mental impairments in the RFC constitutes error, the Court is not bound by these decisions and does not find them persuasive. (Doc. 16 at 17–18). Additionally, 20 C.F.R. § 404.1545(a)(2) only requires the ALJ to "consider" non-severe impairments when calculating the RFC. § 404.1545(a)(2). Here, the ALJ did include consideration of Plaintiff's mild mental impairments despite not specifically mentioning them in the final RFC. (AR 22) ("[T]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the paragraph B mental function analysis.") (quotations omitted). Plaintiff contends that because these impairments were considered mild instead of non-existent, the ALJ was required to elaborate on their effect. (Doc. 16 at 16). However, the ALJ was not required to discuss the mental impairments in the RFC if she did not believe they impacted Plaintiff's ability to work. *See Bray*, 554 F.3d 1228–29. In this case, she did not, as discussed earlier at step two. (AR 22). As a result, the ALJ met the statutory burden of considering all of Plaintiff's medically determinable impairments, including those deemed non-severe, when calculating the RFC. 20 C.F.R. § 404.1545(a)(2).

Finally, Plaintiff argues that because the RFC did not include her mild limitations, the hypothetical questions posed to the vocational expert at the hearing were inadequate. (Doc. 16 at 21). But the ALJ had already considered whether Plaintiff's mental

impairments impacted her ability to work in any capacity in her calculation of the RFC and concluded they did not. (AR 22). Accordingly, it would have been inappropriate to frame the hypothetical questions to the vocational expert with these limitations included. *See Robbins*, 466 F.3d at 886. Because the ALJ did not err in determining Plaintiff's RFC and the hypothetical questions presented to the vocational expert during the hearing accurately reflected the RFC, remand is not appropriate.

### D. Remand for Benefits

Because the Court finds that the ALJ did not err in her decision, the Court denies Plaintiff's request for a remand.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the ALJ's decisions is **AFFIRMED**. The Clerk of Court shall enter judgment accordingly.

Dated this 19th day of July, 2021.

                                                James A. Teilborg
                                                Senior United States District Judge